IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL JERMAINE GREENE,**

      Plaintiff,

v.                                            **CIVIL ACTION NO. 5:21-CV-163**
                                                   Judge Bailey

**RANDOLPH COUNTY,** et al.,

      Defendants.

## MEMORANDUM ORDER AND OPINION

The plaintiff, Michael Jermaine Greene, filed this action on September 16, 2021, under a State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 alleging 48 claims. In addition, he filed a Motion For Appointment of Counsel [Doc. 3].

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is such that prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also* ***Ashley v. E. Dilworth, CO-1***, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes')."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." ***Dupree v. Palmer***, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also* ***Finley v. Doe***, 2008 WL 264-5472 (S.D. W.Va. June 30, 2008) (Johnston, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See* ***Greene v. Ash***, 2015 WL 8492760 (S.D. W.Va. Dec. 10, 2015) (dismissed for failure to state a claim); ***Greene v. Huffman***, 2018 WL 1836627 (S.D. W.Va. Apr. 18, 2018) (dismissed for failure to state a claim because it was patently frivolous and lacked merit) *aff'd* ***Greene v. Huffman***, No. 18-6436 (4th Cir. July 31, 2018); ***Greene v. Sadler***, 2016 WL 4005936 (S.D. W.Va. July 26, 2016) (dismissed for failure to state a claim) *aff'd* ***Greene v. Sadler***, No. 16-7087 (4th Cir. Jan. 18, 2017). In addition, the plaintiff has been advised that he has three strikes for the purposes of 18 U.S.C. § 1915(g). *See* ***Greene v. Sidney Feaster; Doug White***, No. 20-7361 (4th Cir. Dec. 21, 2020) (stating "Greene has accrued three such strikes . . . [and] does not allege that he is under imminent danger of serious physical injury").

While the PLRA includes an exception to the section 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, the plaintiff alleges that various employees at the Bureau of Prisons at Huttonsville have tried to retaliate against him by, for example, tampering with his incoming and outgoing legal mail. Nothing in the plaintiff's Complaint raises a credible allegation of imminent danger of serious physical injury. Moreover, there is no evidence on the docket that the plaintiff paid the $402 filing fee for the above-styled case. In fact, a Notice of Deficient Pleading was filed. See [Doc. 5].

Accordingly, the plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITHOUT PREJUDICE** to his right to file a new complaint along with the $402 filing fee. Moreover, his Motion For Appointment of Counsel [**Doc. 3**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: September 21, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE